IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CD ALSTON,

        Plaintiff,                    No. CIV S-11-2281 GEB GGH PS

    vs.

COUNTY OF SACRAMENTO, et al.,

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiffs may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   A complaint must contain more than a "formulaic recitation of the elements of a
9   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11  "The pleading must contain something more...than...a statement of facts that merely creates a
12  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
13  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
15  v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16  S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
17  the court to draw the reasonable inference that the defendant is liable for the misconduct
18  alleged."  Id.

19  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24  In this case, plaintiff alleges that on September 29, 2010, she was sitting in her
25  vehicle reading a book when an unknown Sacramento County deputy sheriff blocked in her
26  vehicle with his patrol car, and asked her for her identification.  After furnishing her

2

identification, plaintiff asked whether she had done something wrong and the deputy told her that she could not hang out at the park.  The deputy asked about her legal status and financial resources, and insisted that plaintiff call her home state of Pennsylvania to inform them of her whereabouts.  According to plaintiff, the deputy pulled out her phone, called the state of Pennsylvania, and demanded that plaintiff tell Pennsylvania that she was in California.  The deputy further asked whether plaintiff was on probation, parole, or whether she had any warrants out for her arrest.  Plaintiff was told that she was not allowed to have her feet up on the dashboard in her vehicle.  At some point, defendant Holt, another Sacramento County deputy sheriff, also arrived at the scene.  The officers instructed plaintiff to go home or she would be given a ticket.  Plaintiff claims that she was detained and harassed for about 45 minutes.  Subsequently, the deputy and defendant Holt allegedly filed a false report stating that plaintiff was verbally uncooperative and argumentative.

Plaintiff filed suit against the unknown deputy, Holt, Scott Jones (the Sacramento County Sheriff), Matt Morgan (a lieutenant with the Sacramento County Sheriff Department Bureau of Professional Standards), the County of Sacramento, the Sacramento County Sheriff Department, and the Sacramento County Sheriff Department Bureau of Professional Standards.[1]  The complaint for damages primarily alleges liability for constitutional violations under 42 U.S.C. § 1983 and for related state law tort claims.  Plaintiff claims that the County of Sacramento and the Sacramento County Sheriff Department's policies, customs, and practices, such as their failure to provide adequate training and lack of supervision, gave rise to the deprivation of her constitutional rights.

\\\\

---

[1] Plaintiff has named the individual, non-entity defendants in both their individual and official capacities.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Accordingly, all further references to the individual, non-entity defendants relate to the individual capacity claims against them.

1    For the limited purposes of screening, plaintiff's complaint appears to state colorable claims for relief against defendants Holt, Sacramento County Sheriff Department, and the County of Sacramento. For the reasons stated below, however, the court finds that plaintiff fails to state a cognizable claim against the remaining defendants.

As an initial matter, most of plaintiff's allegations relate to the unknown deputy. Doe pleading in the federal courts is not favored as a general rule. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In any subsequent amended complaint, plaintiff must identify the unknown deputy.

Furthermore, the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Here,

1 plaintiff's claims against defendant Scott Jones are frivolous because she has not shown that
2 Jones had any involvement with her detention.  Jones appears to have been named in plaintiff's
3 complaint solely due to his position as Sacramento County Sheriff.
4              Plaintiff's claims against the Sacramento County Sheriff Department Bureau of
5 Professional Standards and one of its lieutenants, Morgan, should also be dismissed.  Plaintiff
6 reported the incident to Morgan and is dissatisfied that Morgan refused to investigate it.  That
7 dissatisfaction, however, does not a constitutional claim make.  Plaintiff has made no showing
8 that these defendants caused her alleged illegal detention.
9              Turning to the substantive causes of action, the complaint fails to state claims for
10 violation of the Fourteenth Amendment under 42 U.S.C. § 1983.  To the extent plaintiff attempts
11 to state a violation of the Due Process Clause of the Fourteenth Amendment related to her
12 detention, that claim is improper.  All constitutional claims, including excessive force claims,
13 resulting from an arrest, investigatory stop, or other seizure of a free citizen should be analyzed
14 under the Fourth Amendment rather than under a substantive due process approach.  Graham v.
15 O'Connor, 490 U.S. 386, 395 (1989).  Plaintiff also fails to allege any facts in support of a
16 violation of the Equal Protection Clause of the Fourteenth Amendment.  "To state a § 1983 claim
17 for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a
18 manner inconsistent with others similarly situated, and that the defendants acted with an intent or
19 purpose to discriminate against the plaintiff based upon membership in a protected class."
20 Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005).  Here, plaintiff alleges
21 no facts demonstrating differential treatment of others similarly situated based on her
22 membership in a protected class.  Plaintiff may state such a claim by, for example, alleging that
23 the deputies specifically targeted persons of her race for detention while people of other races at
24 the park were not stopped.  Such allegations, however, may only be made upon a good faith
25 basis.
26 \\\\

Plaintiff's claim for illegal search and seizure under 42 U.S.C. § 2000 is improper, because that statute does not exist. Moreover, it appears to be duplicative of plaintiff's other claims for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983. Furthermore, plaintiff's conspiracy claim is also improperly brought under 42 U.S.C. § 2000. A claim for conspiracy to violate constitutional rights must be stated under 42 U.S.C. §§ 1983 and 1985.

With respect to plaintiff's state law tort claims, plaintiff improperly attempts to state a claim for negligence under 42 U.S.C. § 1983. A negligence claim instead arises under California state law. Under California law, "to prevail in an action based upon a defendant's alleged negligence, a plaintiff must demonstrate that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of his or her injuries." Ambriz v. Kelegian, 146 Cal. App. 4th 1519, 1530-31 (2007). To state a proper claim for negligence, plaintiff must plead facts in support of each element, i.e. what duty the defendants owed plaintiff, how the defendants breached that duty, and how that breach caused the harm plaintiff allegedly suffered.

The complaint also fails to state a claim for intentional infliction of emotional distress. "The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998). "In order to meet the first requirement of the tort, the alleged conduct...must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." Id. Here, the complaint essentially alleges that defendants breached their duty of care to plaintiff, and reads more like a negligence claim. To state a cognizable claim for intentional infliction of emotional distress, plaintiff must set forth the elements outlined above along with specific facts in support of each element.

In light of the above, plaintiff will be given 28 days from the date of service of this order to amend her complaint to cure any deficiencies outlined above.

If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, plaintiff alleges that she has exhausted government tort claim procedures with respect to the state law tort claims prior to bringing this action. Plaintiff is advised to attach copies of any such written claims as an exhibit to any amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint curing the deficiencies outlined in this order. The amended complaint shall bear the docket number assigned to this case and shall be labeled "First Amended Complaint." Plaintiff must file an original and two copies of any amended complaint.

\\\\

\\\\

4. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: November 10, 2011

                                     /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE

GGH/wvr
alston.2281.ifp-lta.wpd