1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CD ALSTON,

11              Plaintiff,                    No. CIV S-11-2281 GEB GGH PS

12        vs.

13   COUNTY OF SACRAMENTO, et al.,

14              Defendants.              ORDER

15   _____/

16              Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

17   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by E.D. Cal.

18   L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

19              Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

20   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

21              The determination that plaintiffs may proceed in forma pauperis does not

22   complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

23   dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is

24   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

25   relief against an immune defendant.

26   \\\\

1      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8      A complaint must contain more than a "formulaic recitation of the elements of a

9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11 "The pleading must contain something more...than...a statement of facts that merely creates a

12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17 the court to draw the reasonable inference that the defendant is liable for the misconduct

18 alleged."  Id.

19      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

20 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

21 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

22 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

23 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24      In this case, plaintiff alleges that on September 29, 2010, she was sitting in her

25 vehicle reading a book when an unknown Sacramento County deputy sheriff blocked in her

26 vehicle with his patrol car, and asked her for her identification.  After furnishing her

1  identification, plaintiff asked whether she had done something wrong and the deputy told her that

2  she could not hang out at the park.  The deputy asked about her legal status and financial

3  resources, and insisted that plaintiff call her home state of Pennsylvania to inform them of her

4  whereabouts.  According to plaintiff, the deputy pulled out her phone, called the state of

5  Pennsylvania, and demanded that plaintiff tell Pennsylvania that she was in California.  The

6  deputy further asked whether plaintiff was on probation, parole, or whether she had any warrants

7  out for her arrest.  Plaintiff was told that she was not allowed to have her feet up on the

8  dashboard in her vehicle.  At some point, defendant Holt, another Sacramento County deputy

9  sheriff, also arrived at the scene.  The officers instructed plaintiff to go home or she would be

10  given a ticket.  Plaintiff claims that she was detained and harassed for about 45 minutes.

11  Subsequently, the deputy and defendant Holt allegedly filed a false report stating that plaintiff

12  was verbally uncooperative and argumentative.

13          Plaintiff filed suit against the unknown deputy, Holt, Scott Jones (the Sacramento

14  County Sheriff), Matt Morgan (a lieutenant with the Sacramento County Sheriff Department

15  Bureau of Professional Standards), the County of Sacramento, the Sacramento County Sheriff

16  Department, and the Sacramento County Sheriff Department Bureau of Professional Standards.[1]

17  The complaint for damages primarily alleges liability for constitutional violations under 42

18  U.S.C. § 1983 and for related state law tort claims.  Plaintiff claims that the County of

19  Sacramento and the Sacramento County Sheriff Department's policies, customs, and practices,

20  such as their failure to provide adequate training and lack of supervision, gave rise to the

21  deprivation of her constitutional rights.

22  \\\\

23

24          [1]  Plaintiff has named the individual, non-entity defendants in both their individual and
    official capacities.  "[A]n official-capacity suit is, in all respects other than name, to be treated as
25  a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Accordingly, all
    further references to the individual, non-entity defendants relate to the individual capacity claims
26  against them.

1    For the limited purposes of screening, plaintiff's complaint appears to state

2 colorable claims for relief against defendants Holt, Sacramento County Sheriff Department, and

3 the County of Sacramento.  For the reasons stated below, however, the court finds that plaintiff

4 fails to state a cognizable claim against the remaining defendants.

5    As an initial matter, most of plaintiff's allegations relate to the unknown deputy.

6 Doe pleading in the federal courts is not favored as a general rule.  Gillespie v. Civiletti, 629 F.2d

7 637, 642 (9th Cir. 1980).  In any subsequent amended complaint, plaintiff must identify the

8 unknown deputy.

9    Furthermore, the Civil Rights Act provides as follows:

10   Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the

11   deprivation of any rights, privileges, or immunities secured by the
     Constitution . . . shall be liable to the party injured in an action at

12   law, suit in equity, or other proper proceeding for redress.

13 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

14 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

17 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

18 omits to perform an act which he is legally required to do that causes the deprivation of which

19 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20   Supervisory personnel are generally not liable under § 1983 for the actions of their

21 employees under a theory of respondeat superior and, therefore, when a named defendant holds a

22 supervisorial position, the causal link between him and the claimed constitutional violation must

23 be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

24 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and

25 conclusory allegations concerning the involvement of official personnel in civil rights violations

26 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Here,

4

plaintiff's claims against defendant Scott Jones are frivolous because she has not shown that Jones had any involvement with her detention.  Jones appears to have been named in plaintiff's complaint solely due to his position as Sacramento County Sheriff.

Plaintiff's claims against the Sacramento County Sheriff Department Bureau of Professional Standards and one of its lieutenants, Morgan, should also be dismissed.  Plaintiff reported the incident to Morgan and is dissatisfied that Morgan refused to investigate it.  That dissatisfaction, however, does not a constitutional claim make.  Plaintiff has made no showing that these defendants caused her alleged illegal detention.

Turning to the substantive causes of action, the complaint fails to state claims for violation of the Fourteenth Amendment under 42 U.S.C. § 1983.  To the extent plaintiff attempts to state a violation of the Due Process Clause of the Fourteenth Amendment related to her detention, that claim is improper.  All constitutional claims, including excessive force claims, resulting from an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment rather than under a substantive due process approach.  Graham v. O'Connor, 490 U.S. 386, 395 (1989).  Plaintiff also fails to allege any facts in support of a violation of the Equal Protection Clause of the Fourteenth Amendment.  "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005).  Here, plaintiff alleges no facts demonstrating differential treatment of others similarly situated based on her membership in a protected class.  Plaintiff may state such a claim by, for example, alleging that the deputies specifically targeted persons of her race for detention while people of other races at the park were not stopped.  Such allegations, however, may only be made upon a good faith basis.

\\\\

1    Plaintiff's claim for illegal search and seizure under 42 U.S.C. § 2000 is improper,

2  because that statute does not exist.  Moreover, it appears to be duplicative of plaintiff's other

3  claims for violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983.  Furthermore,

4  plaintiff's conspiracy claim is also improperly brought under 42 U.S.C. § 2000.  A claim for

5  conspiracy to violate constitutional rights must be stated under 42 U.S.C. §§ 1983 and 1985.

6    With respect to plaintiff's state law tort claims, plaintiff improperly attempts to

7  state a claim for negligence under 42 U.S.C. § 1983.  A negligence claim instead arises under

8  California state law.  Under California law, "to prevail in an action based upon a defendant's

9  alleged negligence, a plaintiff must demonstrate that the defendant owed the plaintiff a legal

10  duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of

11  his or her injuries."  Ambriz v. Kelegian, 146 Cal. App. 4th 1519, 1530-31 (2007).  To state a

12  proper claim for negligence, plaintiff must plead facts in support of each element, i.e. what duty

13  the defendants owed plaintiff, how the defendants breached that duty, and how that breach

14  caused the harm plaintiff allegedly suffered.

15    The complaint also fails to state a claim for intentional infliction of emotional

16  distress.  "The tort of intentional infliction of emotional distress is comprised of three elements:

17  (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless

18  disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or

19  extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused

20  by the defendant's outrageous conduct."  Cochran v. Cochran, 65 Cal. App. 4th 488, 494 (1998).

21  "In order to meet the first requirement of the tort, the alleged conduct...must be so extreme as to

22  exceed all bounds of that usually tolerated in a civilized community."  Id.  Here, the complaint

23  essentially alleges that defendants breached their duty of care to plaintiff, and reads more like a

24  negligence claim.  To state a cognizable claim for intentional infliction of emotional distress,

25  plaintiff must set forth the elements outlined above along with specific facts in support of each

26  element.

6

1        In light of the above, plaintiff will be given 28 days from the date of service of

2    this order to amend her complaint to cure any deficiencies outlined above.

3        If plaintiff chooses to amend, plaintiff must set forth the jurisdictional grounds

4    upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must

5    demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal

6    rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8    order to make plaintiff's amended complaint complete.  E.D. Cal. L.R. 220 requires that an

9    amended complaint be complete in itself without reference to any prior pleading.  This is

10   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13   original complaint, each claim and the involvement of each defendant must be sufficiently

14   alleged.

15       Furthermore, plaintiff alleges that she has exhausted government tort claim

16   procedures with respect to the state law tort claims prior to bringing this action.  Plaintiff is

17   advised to attach copies of any such written claims as an exhibit to any amended complaint.

18       In accordance with the above, IT IS HEREBY ORDERED that:

19       1.  Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

20       2.  Plaintiff's complaint is dismissed with leave to amend.

21       3.  Plaintiff is granted 28 days from the date of service of this order to file an

22   amended complaint curing the deficiencies outlined in this order.  The amended complaint shall

23   bear the docket number assigned to this case and shall be labeled "First Amended Complaint."

24   Plaintiff must file an original and two copies of any amended complaint.

25   \\\\

26   \\\\

1      4.  Failure to file an amended complaint will result in a recommendation that this

2  action be dismissed.

3  DATED: November 10, 2011

4            /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

5

6  GGH/wvr
alston.2281.ifp-lta.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26